HATTIE SIVERD, Plaintiff, v. WILLIAM A. ALEXANDER, Defendant.

Supreme Court, Monroe County, December 12, 1930.

*James S. Bryan*, for the plaintiff.

*Webster & Smith*, for the defendant.

RODENBECK, J. There are three determining factors in this case which establish the defendant's contention. The original deeds to lots 1, 2 and 3; the reference in lots 1 and 2 to the east line of Matthews street, and the center line of the division wall between the double house located on lots 1 and 2.

Lot 3 was the first lot conveyed in the plot of ground under consideration, bounded by Charlotte, Matthews and Winthrop streets and the alley. This conveyance was made in 1868 and is made by reference to the Beardsley map, filed in 1867. The starting point of the description is fifty-two feet and two inches from the east line of Matthews street, on the south line of Charlotte street, which corresponds with the distance shown on Beardsley's map within two inches, but is one and fifty-eight one-hundredths feet easterly of the east line of Matthews street, as now located. The discrepancy indicates that the east line of Matthews street is one and fifty-eight one-hundredths feet east of its location at the time of the making of the Beardsley map and the making of the deed.

The original conveyances of lots 1, 2 and 3 were made in 1868, and the east line of Matthews street must be determined as of that date, in fixing the lines of these lots in the tract. The east line of Matthews street in 1868 was reckoned as one and fifty-eight one-hundredths feet west of the line later fixed by the city. The intention of the parties to the early conveyances, as to the east line of Matthews street, is controlling, and they, evidently, intended the east line to be that which was recognized at that time. The east line of lot 1 and the west line of lot 2 were, also, intended to run " to the center of double brick house, one-half of which is situated on said premises." This house is still in existence. Treating this center line as the east line of lot 1, the shifting by the city of the east line of Matthews street one and fifty-eight one-hundredths feet east of its original location would leave lot 1 twenty-four and ninety-two one-hundredths feet on Charlotte street, for the east line of lot 1 could, in no event, go beyond the center of the division wall referred to.

Taking the center line of the division wall as the east line of lot 1, and giving lot 2 the frontage called for by the deed of that lot, leaves the west line of lot 3 twenty-five and sixty-seven one-hundredths feet easterly from the center of the double brick house and fifty and fifty-nine one-hundredths feet on Charlotte street from the present east line of Matthews street, and the east line of the lot thirty-three feet distant therefrom. The west line of lot 3 would strike the alley on the south, forty-five and ten one-hundredths feet from the present line of Matthews street and

would run eastwardly along the north line of the alley thirty-two and five-tenths feet. This plotting of lot 3 makes the garage in question encroach upon defendant's land one and twenty-nine one-hundredths feet on the north end and one and twenty-four one-hundredths feet on the south end, as shown on the map hereto attached.

This construction affects only lot 1, leaving it one and fifty-eight one-hundredths feet short on Charlotte street, and on the alley, due to the city's having appropriated that much of the lot in laying out the east line of Matthews street, as originally understood. It avoids an encroachment of plaintiff's house upon lot 2, which would follow if the lots were laid out from the present east line of Matthews street, instead of the old line, and would invite litigation by the owner of lot 2, and would give defendant the land called for by the conveyances of the balance of lots 4, 5, 6 and 7, taking up the slack in the distance between the existing east line of Matthews street and the west line of Winthrop street, by cutting down the frontage of lot 1, where the shortgage belongs.

The evidence of adverse possession is not sufficient to make out a title to the disputed land as against the foregoing interpretation of the deed.

Complaint dismissed, without costs, and defendant granted a mandatory injunction requiring plaintiff to remove the encroachment referred to.

So ordered.